IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 01-1110 PHX-MHM |
| | ) | CV 05-878 PHX-MHM (LOA) |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Nicholas John Rossi, Jr., | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| _____ | ) | |

This matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody pursuant to 28 U.S.C. § 2255 (document # 170). Respondent has filed a Response (document # 175) to which Movant has not replied and the time in which to do so has passed.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 3, 2001, Movant and his co-defendants, using firearms, took a 1998 Lincoln Navigator from the car's driver.   Based on that indicent, May 3, 2002, Movant was convicted after a jury trial in the District of Arizona of carjacking, and aiding and abetting carjacking in violation 18 U.S.C. § 2119, and of use of, and aiding and abetting in the use of, a firearm in a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A). (document # 88).   On August 29, 2002, the court sentenced Movant to 126 months imprisonment on the carjacking conviction and to a consecutive 84-month term of imprisonment on the firearms conviction, for a total of 210 months imprisonment, to be followed by 60 months of supervised release. (document # 121, 122)

1   On September 5, 2002, Movant filed a notice of appeal.   (document # 127) His
2   appeal was consolidated with that of co-defendants Julio Price and George Baber.   On
3   December 22, 2003, the Ninth Circuit Court of Appeals issued a memorandum decision
4   affirming the convictions and sentences.  See, United States v Julio Richard Price, et al., 2003
5   WL 23018936 (9th Cir. December 22, 2003).

6       On March 22, 2005, Movant filed a Motion to Vacate, Set Aside, or Correct
7   Sentence by Person in Federal Custody alleging several instances of ineffective assistance of
8   trial and appellate counsel.   Specifically, he claims that: (1) appellate counsel was ineffective
9   in omitting certain "crucial facts" in support of Argument 2 in his opening brief to the Ninth
10  Circuit; (2) both trial and appellate counsel were ineffective in failing to challenge the
11  prosecutorial misconduct during cross-examination of Movant at trial; (3) the government failed
12  to disclose Brady material, and trial counsel was ineffective in failing to raise that issue with
13  the district court and in failing to investigate and subpoena insurance records; (4) trial and
14  appellate counsel were ineffective in failing to correct the trial transcript to add a statement that
15  Movant made during cross-examination; (5) trial and appellate counsel were ineffective in
16  failing to challenge Movant's sentence for carjacking on the ground that it was
17  unconstitutionally enhanced by eight levels; (6) trial and appellate counsel were ineffective in
18  failing to challenge the district court's calculation of Movant's criminal history points, and in
19  failing to challenge the government's failure to allege in the indictment and have the jury
20  factually determine the bases for and existence of his juvenile convictions.  (document # 170)

21                      **ANALYSIS**

22  **I. Timeliness**

23      Respondent concedes that Movant's § 2255 motion is timely.  The Court, therefore,
24  will not address this issue.

25  **II.   Ineffective Assistance of Counsel - Opening Brief on Appeal**

26      In his first ground for relief, Movant argues that appellate counsel was ineffective
27  in omitting from the appellate brief  "crucial" facts to which defense witness Aaron Felix would
28  have testified had the prosecutor granted him immunity.

1        To establish ineffective assistance of counsel, Movant must establish that  (1)

2   counsel's representation fell below an objective standard of reasonableness; and (2) he was

3   prejudiced thereby.  Hill v. Lockhart, 474 U.S. 52 (1985)(citing Strickland v. Washington, 466

4   U.S.  668, 688-692 (1984)).  To establish prejudice, movant must demonstrate "a reasonable

5   probability that, but for counsel's unprofessional errors, the result of the proceeding would have

6   been different."  Strickland, 466 U.S. at 694.  Where movant cannot  establish prejudice, the

7   court need not reach the performance prong.  Strickland, 466 U.S. at 697; Williams v. Calderon,

8   52 F. 3d 1465, 1470 (9th Cir. 1995).   In reviewing counsel's performance, a court must

9   "strongly presume that counsel's conduct was within the wide range of reasonable assistance,

10  and that he exercised acceptable professional judgment in all significant decisions made."

11  Strickland, 466 U.S. at 689.

12       A criminal defendant has a constitutional right to effective assistance of counsel on

13  direct appeal, as well as trial.  See, Evitts v. Lucey, 469 U.S. 387, 396 (1985).   Smith v.

14  Robbins, 528 U.S. 259, 285 (2000).  The Strickland standard applies to claims of ineffective

15  assistance of appellate counsel. To establish ineffective assistance of appellate counsel based

16  on counsel's failure to raise a claim, movant "must first show that his counsel was objectively

17  unreasonable in failing to find arguable issues on appeal — that is, that counsel unreasonably

18  failed to discover nonfrivolous issues and to file a merits brief raising them." Smith v. Robbins,

19  528 U.S. 259, 285 (2000).  The movant must then "show a reasonable probability that, but for

20  his counsel's unreasonable failure to file a merits brief, he would have prevailed on appeal." Id.

21       Movant does not claim that counsel completely failed to raise a certain legal issue

22  appeal.  Rather, Movant challenges counsel's omission of certain facts from the argument in

23  support of an issue that was raised in the appellate brief.  Specifically, Movant claims that

24  appellate counsel was ineffective because in the appellate brief she challenged the district

25  court's failure to compel the government to grant immunity to defense witness Aaron Felix but,

26  in support of that claim, counsel omitted the following facts: (1) that Felix "would have testified

27  that he was at Danny Amaya's house, with co-defendant George Baber, when [the victim]

28  returned to Amaya's house, after the carjacking, looking for his cell phone," and (2) that Felix

"was personally aware that co-defendant Baber had sold fake "bunk" cocaine to [the victim] right after the alleged carjacking."  (document # 170)    Movant argues that these facts demonstrate that the victim, Ryan Gowler, was not afraid to return to the Amaya residence, the scene of the alleged carjacking, and provided a motive for the victim to turn on his accomplices in the alleged insurance scam, which was the defense theory at trial.  (document # 170)

Even if appellate counsel was deficient in omitting the foregoing facts from the appellate brief, Movant's claim fails because he cannot establish  prejudice.   As previously stated, Movant's appeal was consolidated with that of co-defendants, Baber and Price, and was argued as a single matter before the appellate court.   (Respondent's Attachment at 83) Each defendant filed a separate opening brief.  Each defendant, including Movant, challenged the district court's failure to grant immunity to Aaron Felix.  (Id. at 67-70)  A review of the briefs filed by Movant's co-defendants establishes that the factual information that counsel omitted from Movant's appellate brief was, nonetheless, before the Ninth Circuit.  For example, co-defendant Price's brief states that:

> Baber testified that Aaron Felix came by the Amaya house around 10:00 p.m., and Gowler came by shortly thereafter and was looking for his cell phone. Gowler also purchased nine ounces of cocaine at that time from Baber.  The cocaine was "cut," which made it of poor quality, but Baber sold it to Gowler representing that it was "good stuff" when it was really "bad stuff."  Baber stayed at Amaya's house until about 2:00 to 4:00 a.m. Baber surmised that Gowler was upset with him and his friends because he sold him bad quality cocaine.

(Respondents' Attachment at 71)(citations to trial transcript omitted) Baber's opening brief contained similar facts.  (Id. at 74-75)  Because Movant's appeal was consolidated with that of his co-defendants, the facts which Movant characterizes as "crucial" to his argument were before the Ninth Circuit in conjunction with the defendants' common argument that the trial court erred in failing to grant immunity to defense witness Felix.  Because the appellate court was aware of the facts to which defense witness Felix would have testified if he had been granted immunity, Movant has not established a reasonable probability that but for counsel's failure to include facts regarding defense witness Felix in the appellate brief, Movant would

1    have prevailed on appeal.  See, <u>Smith</u>, 528 U.S. at 285.  Accordingly, his claim of ineffective

2    assistance fails.

3    **III.  Cross-Examination of Movant - Prosecutorial Misconduct**

4             Movant next argues that trial and appellate counsel were ineffective in failing to

5    challenge the prosecutor's question on cross-examination regarding a conversation that Movant

6    had with Josh Amos.  Movant claims that the prosecutor engaged in misconduct when he asked

7    whether Movant had told Josh Amos that he "thought that ten big ones would get [the victim]

8    on [his] side."  Movant argues that because the prosecutor never proved up this allegation at

9    trial, the prosecutor lacked a good faith basis for the question and asking that question

10   constituted  prosecutorial misconduct.  He further claims that trial and appellate counsel were

11   ineffective in failing to challenge the prosecutor's conduct.

12            The prosecutor was precluded from proving up the allegation by extrinsic evidence.

13   See, <u>United States v. Bosley</u>, 615 F.2d 1274, 1276 (9th Cir. 1980)(stating that "Fed.R.Evid.

14   608(b) provides that specific instances of conduct of a witness not resulting in a criminal

15   conviction may not be proved by extrinsic evidence solely for the purpose of attacking the

16   credibility of the witness.")   Accordingly, a challenge to the prosecutor's failure to "prove up"

17   the allegation would have failed. It is not deficient performance for defense counsel to fail to

18   raise an argument that counsel reasonably concludes would not be successful.  <u>Hamilton v.</u>

19   <u>Vasquez</u>, 17 F.3d 1149, 1164 (9th Cir. 1994), *impliedly overruled on other grounds*, <u>Coleman</u>

20   <u>v. Calderon</u>, 210 F.3d 1047 (9th Cir. 2000).

21            Additionally, Movant's conclusory allegation that the prosecutor lacked a good faith

22   basis for the question about Movant's exchange with Amos cannot support a claim of ineffective

23   assistance.  See, <u>Shah v. United States</u>, 878 F.2d 1156, 1161 (9th Cir. 1989).

24   **IV.  Failure to Disclose <u>Brady</u> Material**

25            Movant next argues that the prosecutor violated <u>Brady v. Maryland</u>, 373 U.S. 83

26   (1953) in failing to disclose insurance records and that trial counsel was ineffective in failing

27   to subpoena those records.    Before sentencing, State Farm Insurance (the "Insurance

28   Company") submitted insurance documents to the probation office in support of its request for

1    restitution.  The Insurance Company sought reimbursement for payments it had made to the

2    victim, Ryan Gowler, related to the carjacking of his Lincoln Navigator.  (Respondents'

3    Attachment at 34)  Movant claims, for the first time, that the insurance documents constitute

4    Brady material, that the government failed to disclose the material before trial, and that trial

5    counsel was ineffective in failing to object to the government's failure to disclose.  (document

6    # 170)

7         Movant did not raise this claim on direct review.  Normally, when a movant fails to

8    to  raise a claim on direct appeal, the claim is procedurally defaulted and § 2255 review is

9    barred absent a showing of cause and prejudice or actual innocence.  Bousley v. United States,

10   523 U.S. 614, 622 (1998).  "Establishing the elements of an ineffective assistance of counsel

11   claim normally will meet this cause and prejudice test."  United States v. McMullen, 98 F.3d

12   1155, 115l7 (9th Cir. 1996).  Because Movant did not raise his Brady claim in a procedurally

13   proper manner, his claim is procedurally defaulted.  Movant has not established a basis to

14   overcome the procedural bar.  Moreover, his claim fails on the merits.

15        In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court held that a

16   criminal defendant has a due process right to favorable evidence in the prosecution's possession

17   that is material to guilt or punishment.  Brady, 373 U.S. at 87.  As discussed below, the

18   insurance documents do not constitute Brady material and there was no Brady violation.

19        First, the State Farm documents were not Brady material because they were not in

20   the government's possession.  Rather, the State Farm documents were in the possession of State

21   Farm which gave the documents to the probation officer, not the prosecutor.  (Respondents'

22   Attachment at 40-74)

23        Second, Movant was aware of the possible existence of the insurance documents

24   before trial.  At trial, the defense pursued a theory that the incident was not a carjacking, but a

25   insurance scam that went awry.  The existence of an insurance scam suggests that an insurance

26   claim would have been made.  Thus, Movant who claimed that the incident was really an

27   insurance scam that failed because the parties quit working together, would have known about

28   the existence of insurance documents and had the means to obtain the documents for the

1   Insurance Company.  Because "suppression by the government is a necessary element of a

2   Brady claim, . . .  if the means of obtaining the exculpatory evidence has been provided to the

3   defense, the Brady claim fails."   United States v. Dupuy, 760 F.2d 1492, 1501 n. 5 (9th Cir.

4   1985)(stating that "Where defendants . . . had within their knowledge information by which they

5   could have ascertained the supposed Brady material, there is no suppression by the

6   government.") In view of the theory of defense, Movant "had within his knowledge information

7   by which he could have ascertained" that the insurance company might have documents related

8   to the carjacking.   Dupuy, 760 P.2d at 1501.  That Movant had knowledge of the insurance

9   documents is supported by the fact that  the victim testified that he was insured by State Farm

10  and that he made a claim on his insurance after the November 3, 2001 carjacking.

11  (Respondent's Attachment at 20) Based on the foregoing, the insurance documents did not

12  constitute Brady material

13          Movant also argues that defense counsel was ineffective in failing to subpoena the

14  insurance documents for trial.  As set forth above, defense counsel had sufficient information

15  to subpoena the documents from State Farm.  Counsel's failure to do so, however, does not

16  constitute ineffective assistance.  The information contained in the insurance documents was

17  not material to guilt or punishment.  Rather, it merely established the amount of loss the

18  insurance company suffered in satisfying the victim's insurance claim.  As the district court

19  found at sentencing, an insurance company will only pay the minimum necessary to satisfy a

20  claim.  The victim had to substantiate the damage to the vehicle before the Insurance Company

21  would satisfy the claim.  (Respondent's Attachment at 42-47).

22          As set forth above, the insurance documents did not constitute Brady material, and

23  counsel was not ineffective in failing to subpoena them for trial.

24  **V. Failure to Move to Correct Trial Transcript**

25          Movant next argues that appellate counsel was ineffective in failing to move to have

26  the trial transcript corrected to add a sentence to an exchange that occurred between Movant and

27  the prosecutor on cross examination.   During cross examination, the prosecutor asked Movant

28  whether he considered accepting a plea deal even though he was innocent.  The transcript

1   reflects that Movant responded, "Yeah, well it's a lot of time." (Respondent's Attachment at 28-
2   29) Movant claims that the transcript does not include the rest of his response, which was, "I'm
3   looking at nineteen years." (document # 170)

4           Movant's allegedly omitted statement merely clarifies what he meant by "a lot of
5   time." Even if Movant made this remark and it was excluded from the transcript, appellate
6   counsel was not ineffective in failing to challenge the incomplete transcript on appeal. The
7   court reviews counsel's decision not to raise an issue on appeal with deference. United States
8   v. Cook, 45 F.3d 388, 394 (10th Cir. 1995). The Sixth Amendment does not require appellate
9   counsel to raise every non-frivolous issue on appeal. Id. Rather, counsel should "winnow out
10  weaker arguments and focus[] on those more likely to prevail." Id. (citing Smith v. Murray, 477
11  U.S. 527 (1985)). The court should reverse a defendant's conviction based on appellate
12  counsel's failure to raise an issue if the issue was a "dead-bang winner." Id. (defining "dead-
13  bang" winner as "an issue which was obvious from the trial record, . . . and one which would
14  have resulted in a reversal on appeal.") As Movant notes, the district court ordered the
15  prosecutor's question about the plea offer and Movant's response stricken from the record, and
16  ordered the jury to disregard the exchange. (Respondent's Attachment at 30) An argument to
17  correct a response that was stricken from the record would not have been a "dead-bang winner"
18  on appeal. Id.

19          Under the circumstances, Movant cannot establish that he suffered prejudice as a
20  result of counsel's failure to move to correct the trial transcript. The court struck Movant's
21  response from the record and ordered the jury to disregard it. Moreover, Movant does not
22  establish how he was prejudiced by the allegedly incomplete statement in the transcript. Movant
23  has failed to establish that counsel rendered ineffective assistance in failing to move to correct
24  the trial transcript.

25  **VI. Failure to Challenge Sentencing Enhancements**

26          Movant next argues that trial and appellate counsel were ineffective in failing to
27  challenge sentencing enhancements. At Movant's sentencing on August 29, 2002, the district
28  court enhanced Movant's sentence a total of eight (8) levels under the sentencing guidelines.

1    The court applied the following enhancements: two points for bodily injury to the victim

2    (2B3.1(b)(3)(A)); two points because the offense involved carjacking (2B3.1(b)(5)); two points

3    for defendant's role in the offense (3B1.1(c)); and two points for obstruction of justice (3C1.1).

4    (Respondent's Attachment at 47-62)

5           Movant claims that trial and appellate counsel were ineffective because they failed

6    to object to these enhancements on the ground that they were not pled in the indictment and

7    found by the jury beyond a reasonable doubt.  In support of his claim, Movant cites Apprendi

8    v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 524 U.S. 296 (2004), and United

9    States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005).[1]

10          **A.  Counsels' Failure to Raise an Apprendi Claim**

11          Apprendi was decided in 2000, while Movant's criminal proceedings were on going.

12   Because Apprendi was decided before Movant's conviction became final, its holding applies to

13   Movant's case.  Movant, however, is not entitled to relief under Apprendi.  Apprendi held that

14   "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond

15   the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

16   doubt." 530 U.S. at 490.  Apprendi, however, did not apply to the Federal Sentencing

17   Guidelines.  United States v. Hernandez-Guardado, 228 F.3d 1017, 1026-27 (9th Cir. 2000).

18   Movant challenges enhancements to his sentence that were made in accordance with the United

19   

20          [1] After Movant's conviction was final and after he filed the pending § 2255 motion, on June 1,
21   2005, the Ninth Circuit decided United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005).  In Ameline,
     the court held that "when [the court of appeals] is faced with an unpreserved Booker error that may
22   have affected a defendant's substantial rights, and the record is insufficiently clear to conduct a
23   complete plain error analysis, a limited remand to the district court is appropriate for the purpose of
     ascertaining whether the sentence imposed would have been materially different had the district court
24   known that the sentencing guidelines were advisory" if so, there is plain error requiring resentencing
     if defendant so desires, and if not, there is no plain error and the original sentence is merely subject to
25   review for reasonableness. Id. at 1075-75.

26          Movant did not raise a claim under Ameline.  Regardless, in view of the consistency of the
     appellate court decisions cited above holding that Blakely and Booker do not apply retroactively on
27   collateral review, the Court concludes that Ameline, which is based on those cases, does not apply
     retroactively on collateral review.  The Ninth Circuit has only held that procedure set forth in Ameline
28   applies to cases pending on direct review.

States Sentencing Guidelines.    Because <u>Apprendi</u> does not apply to the Federal Sentencing Guidelines, counsel was not ineffective in failing to challenge Movant's sentence on <u>Apprendi</u> grounds.

Moreover, in <u>Apprendi</u>, the Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. 466.

At the time of Movant's appeal, the law in the Ninth Circuit was that when a sentencing enhancement did not increase a sentence beyond the statutory maximum, <u>Apprendi</u> did not require the facts on which the court relied in making that enhancement to be submitted to a jury and proved beyond a reasonable doubt. <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664, 669 (9th Cir. 2002).  The enhancements in this case did not increase Movant's sentence above the statutory maximum sentence, and Movant does not claim that they did.  Accordingly, under the then existing law, <u>Apprendi</u> was not applicable and any attempt to challenge the enhancements based on <u>Apprendi</u> was unlikely to succeed.  Accordingly, Movant has failed to establish that counsel rendered ineffective assistance in failing to raise an <u>Apprendi</u> claim. <u>H a m i l t o n</u>,   1 7   F . 3 d   a t   1 1 6 4 .

### B. Failure to Raise a <u>Blakely</u> Claim

Movant also argues that counsel was ineffective in failing to challenge the sentencing enhancements under <u>Blakely</u>, 542 U.S. 296.  In <u>Blakely</u>, the Supreme Court extended the rule of <u>Apprendi</u> to judicial fact-finding in the sentencing phase.  Here, Movant argues that his sentence violates <u>Blakely</u> because "aggravating facts" were not found beyond a reasonable doubt by a jury.

Movant was sentenced on August 29, 2002 and on September 5, 2002 he filed a notice of appeal.  On December 22, 2003, the Ninth Circuit affirmed Movant's convictions and sentences.  Movant did not seek review in the Supreme Court.  Therefore, his conviction became final when the time for petition for certiorari elapsed, or on or about March 22, 2004. <u>United States v. Garcia</u>, 210 F.3d 1058, 1059 (9th Cir. 2000)(citing <u>Griffith v. Kennedy</u>, 479

1   U.S. 314 (1987)(holding that a judgment is final only when the time for seeking certiorari

2   review has expired. This date is 90 days after entry of the court of appeals' judgment. See

3   Sup.Ct. R. 13.)

4        Blakely was decided on June 24, 2004, after Movant's appeal became final.  A

5   defendant whose conviction is final does not automatically benefit from a subsequently decided

6   case in a petition for writ of habeas corpus.  Teague v. Lane, 489 U.S. 288, 310 (1989).

7   Because Blakely was decided after Movant's conviction was final, the Court must determine

8   whether that decision applies retroactively to Movant's case on collateral review.   In Schardt

9   v. Payne, ___ F.3d ___ , 2005 WL 1593468 (9th Cir., July 8, 2005), the Ninth Circuit held "that

10  the Supreme Court announced a new rule in Blakely v. Washington that does not apply

11  retroactively to a conviction that was final before that decision was announced."  Id.  Indeed

12  all courts that have considered the question have held that the extension of the Apprendi rule

13  announced in Blakely does not apply retroactively to cases on collateral review. See, United

14  State v. Quintero-Araujo, 343 F.Supp.2d 935, 942 (D.Idaho 2004); United States v. Stoltz, 325

15  F.Supp.2d 982, 987 (D.Minn. 2004); Orchard v. United States, 332 F.Supp.2d 275, 277 (D.Me.

16  2004); Concepcion v. United States, 328 F.Supp.2d 372, 374 (E.D.N.Y. 2004); Tisdale v.

17  United States, 2004 WL 2782725, * 7 (D.Kan. Sept. 22, 2004); United States v. Stancell, 346

18  F.Supp.2d 204 (D. D.C. 2004).  This Court agrees with the reasoning of these cases and

19  similarly finds Blakely nonretroactive in this case where Movant's conviction was final before

20  B l a k e l y     w a s     a n n o u n c e d .

21       Because Blakely does not apply retroactively to cases on collateral review, Movant's

22  challenge to the sentencing enhancement under the rule announced in Blakely fails.

23       Similarly, his claim that counsel was ineffective in failing to raise a Blakely

24  challenge fails.  First, Blakely was not decided until after Movant's conviction became final.

25  Therefore, a Blakely claim did not exist during Movant's trial and appeal.  Additionally,

26  "[C]ounsel's performance is not deficient by failing to predict future developments in the law."

27  Wajda v. U.S. Parole Commission, 64 F.3d 385, 388 (8th Cir. 1995).

28              **C.  Failure to Raise Booker Claim**

Finally, Movant claims that counsel was ineffective in failing to raise a <u>Booker</u> challenge.  In <u>Booker</u>, the Supreme Court applied the rule of <u>Blakely</u> to the United States Sentencing Guidelines and held that the Guidelines, as written, violate the Sixth Amendment principles articulated in <u>Blakely</u>.  <u>United States v. Booker</u>, 543 U.S. ___, 125 S.Ct. 738, 749-56 (2005).  The Supreme Court severed and excised the provision making the Guidelines mandatory and declared the Guidelines advisory.  <u>Id.</u>   <u>Booker</u> was not decided until January 12, 2005 well after Movant's convictions were final.  "[C]ounsel's performance is not deficient by failing to predict future developments in the law."  <u>Wajda v. U.S. Parole Commission</u>, 64 F.3d 385, 388 (8th Cir. 1995).

Moreover, to the extent that Movant raises an independent claim based on <u>Booker</u>, his claim fails because that case does not apply retroactively on collateral review.   <u>Booker</u> reiterates the ruling stated in <u>Apprendi</u> and <u>Blakely</u> that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'"  <u>Booker</u>, 543 U.S. ____, 125 S.Ct. at 746 (quoting <u>Apprendi</u>, 530 U.S. at 490).

To determine whether <u>Booker</u> applies retroactively on collateral review, the court must engage in a multi-step analysis.  First, the court must determine whether Booker announced a new rule.  A "case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."  <u>Teague v. Lane</u>, 489 U.S. 288, 301 (1989)

Here, Movant's conviction became final on March 22, 2004.  <u>Booker</u> was issued on January 12, 2005.  <u>Booker,</u> therefore, is a new rule for the purposes of this case.

Second, the court must determine whether the new rule is procedural or substantive.  A rule is substantive if it alters the course of conduct or the class of persons that the law punishes.  <u>Schriro v. Summerline</u>, 542 U.S. 348 (2004).  On the other hand, "rules that regulate only the manner of determining the defendant's culpability are procedural."    The rule announced in <u>Booker</u> is procedural because it only regulates the manner of determining a

1   defendant's sentence.  See, United States v. Brown, 2005 WL 1463531, * 2 (D.Alaska 2005).

2

3        New procedural rules generally do not apply retroactively.  Retroactive effect is only

4   given to "watershed rules of criminal procedure" implicating the fundamental fairness and

5   accuracy of the criminal proceeding.  Schriro, 542 U.S. 348.  In Booker, the Supreme Court

6   stated that Booker applies "to all cases on direct review" but did not mention collateral review.

7   125 S.Ct. at 769.  Every court that has considered whether Booker applies retroactively to cases

8   on collateral review had held that it does not.  Brown, 2005 WL 1463531, * 3.  See, United

9   States v. Green, 2005 WL 237204, * 1 (2d Cir., Feb. 2, 2005); Humphress v. United States, 398

10  F.3d 855, 860(6th Cir. 2005)(in the context of an initial § 2255, holding that Booker does not

11  apply retroactively on collateral review); McReynolds v. United States, 397 F.3d 479, 481 (7th

12  Cir. 2005); United States v. Leonard, 2005 WL 139183, at * 1 (10th Cir., Jan. 24, 2005); Varela

13  v. United States, 400 F.3d 864, 868 (11th Cir. 2005)(in the context of an initial § 2255, holding

14  that Booker falls into the category of new rules of criminal procedure that are not retroactively

15  applicable on collateral review); Guzman v. United States, 404 F.3d 139, 141 (2d Cir.

16  2005)(Booker not applicable on collateral review where defendant's conviction was final as of

17  January 12, 2005, the date Booker issued); Hewett v. United States, ___ F.Supp.2d ___, 2005

18  WL 133116, * 4 (D.H., May 20, 2005)("Every federal court of appeals to address the question

19  of whether Blakely or Booker are retroactive to initial cases on collateral review . . . has held

20  that they are not."); United States v. Wrenn, 2005 WL 1389060, * 2 (D.Or., May 10,

21  2005)(same).

22        The Ninth Circuit has not yet ruled on whether Booker applies retroactively in the

23  context of an initial § 2255 proceeding.  However, four other circuits and numerous district

24  courts have so ruled and held that it does not.   The Court agrees with those courts and finds

25  that Booker announced a new rule of criminal procedure that does not apply retroactively on

26  collateral review.  Accordingly, to the extent that Movant asserts an independent Booker claim,

27  that claim fails.

28  **VII.  Failure to Challenge Criminal History Category**

1   Movant next argues that trial and appellate counsel were ineffective in failing to
2   challenge the trial court's calculation that Movant had nine (9) rather than seven (7), criminal
3   history points.  A review of Movant's presentence report and the sentencing transcript reveals
4   that Movant correctly asserts that his criminal history points only total seven (7).  Movant
5   received one point each for conviction  listed in paragraphs 35, 37, and 38 of the report, two
6   points for the conviction in paragraph 48, and two points in paragraph 49 because Movant
7   committed the instant offense less than two years following release from imprisonment on May
8   11, 2001.  (PSR at ¶ 35, 37, 38, 48, 49; Tr. 8/29/02 30-31; Respondents' Attachment at 35-38)
9

10   Counsel's failure to challenge this factual error does not, however, constitute
11   ineffective assistance because Movant did not suffer any prejudice as a result of the error.
12   Under the Sentencing Table, a defendant with 7, 8, or 9 criminal history points falls into
13   Category IV. (Respondent's Attachment at 79) Absent the court's error, Movant's seven criminal
14   history points still  qualify him for Category IV.  Accordingly, Movant did not suffer any
15   prejudice and his claim of ineffective assistance fails.  Strickland, 466 U.S. at 700.

16   Movant also argues that counsel was ineffective in failing to challenge the use of
17   juvenile convictions in calculating his criminal history.  Movant argues that the Supreme Court's
18   rationale for excluding prior convictions under Apprendi does not apply to juvenile convictions,
19   because a juvenile does not have a right to a jury trial.  The Court need not resolve this issue
20   because the record does not support Movant's claim that he received criminal history points for
21   juvenile convictions.  Although Movant was under the age of 18 at the time of his convictions,
22   the record establishes that Movant was prosecuted as an adult for the offenses in paragraphs 35,
23   37, and 38. Movant confirmed this at sentencing.  (Respondents' Attachment at 63-66)
24   Accordingly, Movant's convictions were properly counted under U.S.S.G. § 4A1.2(d)(B).
25   Movant has failed to establish that counsel was deficient in failing to raise this claim because
26   it was unlikely to succeed.  Hamilton, 17 F.3d at 1164.   Accordingly, his claim of ineffective
27   assistance fails.

28                              **CONCLUSION**

Based on the foregoing, Movant is not entitled to § 2255 relief.

Accordingly,

IT IS HEREBY RECOMMENDED that Movant's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody pursuant to 28 U.S.C. § 2255 (document # 170) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this_____ day of August, 2005.

Lawrence O. Anderson
United States Magistrate Judge

- 15 -