**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 01-1110-PHX-MHM |
| Plaintiff/Respondent, | No. CIV-05-878-PHX-MHM (LOA) |
| vs. | **ORDER** |
| Nicholas John Rossi, Jr., | |
| Defendant/Movant. | |

Currently, before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 8 U.S.C. § 2255 (Dkt.#170).  This matter was referred to Magistrate Judge Lawrence O. Anderson for Report and Recommendation. On August 11, 2005 Magistrate Judge Anderson filed his Report and Recommendation with the Court. (Dkt.#176).  Plaintiff failed to file any objections.

**STANDARD OF REVIEW**

The Court must weigh the legal analysis in the Report and Recommendation de novo.  See 28 U.S.C. § 636(b)(1)(C).  The Court must review the factual analysis in the Report and Recommendation de novo for facts to which Objections are filed.  "Failure to object to a magistrate judge's recommendation waives all objections to the judge's finding of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

**DISCUSSION**

On May 3, 2002, movant was convicted in the District of Arizona of carjacking, and aiding and abetting carjacking in violation of 18 U.S.C. § 2119, and of use of, and aiding and abetting in the use of, a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Dkt. #88).  On August 29, 2002, the Court sentenced Movant to 126 months imprisonment on the carjacking conviction and to a consecutive 84-month term of imprisonment on the firearms conviction, for a total of 210 months imprisonment, to be followed by 60 months of supervised release.  (Dkt. #121,122).

On September 5, 2002, Movant filed a notice of appeal.  (Dkt. #127).  On December 22, 2003, the Ninth Circuit Court of Appeals issued a memorandum decision affirming the convictions and sentences.  See United States v. Julio Ricchard Price, et al., 2003 WL 23018936 (9th Cir. 2003).  On March 22, 2005 Movant filed the present action.

Movant sets forth six bases in support of his § 2255 action.  Specifically, movant claims: (1) the appellate court was ineffective in omitting certain "crucial facts" in support of Argument 2 in his opening brief to the Ninth Circuit; (2) both trial and appellate counsel were ineffective in failing to challenge prosecutorial misconduct during cross-examination of Movant at his trial; (3) the government failed to disclose Brady material, and trial counsel was ineffective in failing to raise that issue with the district court and in failing to investigate and subpoena insurance records; (4) trial and appellate counsel were ineffective in failing to correct the trial transcript to add a statement that Movant made during cross-examination; (5) trial and appellate counsel were ineffective in failing to challenge Movant's sentence for carjacking on the ground that it was unconstitutionally enhanced by eight levels; and (6) trial and appellate counsel were ineffective in failing to challenge the district court's calculation of Movant's criminal history points, and in failing to challenge the government's failure to allege in the indictment and have the jury factually determine the bases for and existence of juvenile convictions.  As explained by Magistrate Judge Anderson, these claims are without merit.

**I.        Ineffective Assistance of Counsel - Opening Brief on Appeal**

1    First, Movant claims that appellate counsel was deficient in omitting certain facts from an

2    argument in support of an issue raised in his appellate brief.  Specifically, that appellate

3    counsel in challenging the district court's failure to compel the government to grant defense

4    witness, Aaron Felix immunity, omitted the following facts: (1) that Felix "would have

5    testified that he was at Danny Amaya's house, with co-defendant George Baber, when [the

6    victim] returned to Amaya's house, after the carjacking, looking for his cell phone," and (2)

7    that Felix "was personally aware that co-defendant Baber had sold fake "bunk" cocaine to

8    [the victim] right after the alleged carjacking."  (Dkt. #170).

9    Even if the appellate counsel were deficient in not raising these facts it is clear from the

10   record that Movant cannot establish any prejudice.  Movant's appeal was consolidated with

11   his co-defendants, Baber and Price, and was argued as a single matter before the appellate

12   court.  (Respondent's Attachment at 83).  A review of the briefs filed by Movant's co-

13   defendants establishes that the factual information at issue was before the Ninth Circuit with

14   Movant's co-defendants' briefs.  (Respondents' Attachment at 71; 74-75).  Thus, because

15   Movant's appeal was consolidated with that of his co-defendants, the facts Movant

16   characterizes as "crucial" were before the Ninth Circuit in conjunction with the defendants'

17   common argument.  Because the appellate court was aware of the facts to which defense

18   witness Felix would have testified if he had been granted immunity, Movant has not

19   established the requisite reasonable probability that but for counsel's failure to include these

20   facts Movant would have prevailed on appeal.  See Smith v. Robbins, 528 U.S. 259, 285, 120

21   S.Ct. 746, 764 (2000).  Accordingly, Movant's ineffective assistance of counsel claim on this

22   basis fails.

23   **II.        Cross-Examination of Movant - Prosecutorial Misconduct**

24   Movant next argues that trial and appellate counsel were ineffective in failing to challenge

25   the prosecutor's question on cross-examination regarding a conversation the Movant had with

26   Josh Amos.  Specifically, Movant claims that the prosecutor engaged in misconduct when

27   he asked whether Movant had told Mr. Amos that he "thought that ten big ones would get

28   [the victim] on [his] side."  Movant argues that because the prosecutor never proved up this

1  allegation at trial, the prosecutor lacked a good faith basis for the question and that trial and

2  appellate counsel were deficient in challenging the prosecutor's conduct.

3      Movant's argument fails because the prosecutor was precluded from proving up the

4  allegation by extrinsic evidence. See United States v. Boseley, 615 F.2d 1274, 1276 (9th Cir.

5  1980)(stating that "Fed.R.Evid. 608(b) provides that specific instances of conduct of a

6  witness not resulting in a criminal conviction may not be proved by extrinsic evidence solely

7  for the basis of attacking the credibility of the witness.").  Accordingly, a challenge to the

8  prosecutor's failure to "prove up" the allegation would have been meritless.  See Hamilton

9  v. Vasquez, 17 F.3d 1149, 1164 (9th Cir. 1994), *impliedly overruled on other grounds*,

10  (finding that it is not deficient performance for defense counsel to fail to raise and argument

11  that counsel reasonably concludes would not have been successful).

12      Additionally, Movant's conclusory allegation that the prosecutor lacked a good faith basis

13  for the question cannot support a claim of ineffective assistance of counsel.  See Shah v.

14  United States, 878 F.3d 1156, 1161 (9th Cir. 1989).

15  **III.        Failure To Disclose Brady Material**

16      Next, movant argues that the prosecutor violated Brady v. Maryland, 373 U.S. 83 (1953)

17  in failing to disclose insurance records and that trial counsel was ineffective in failing to

18  subpoena those records.  Before sentencing, State Farm Insurance submitted insurance

19  documents to the probation office in support of its request for restitution.  Movant did not

20  raise this issue until filing the present action, but contends that the government failed to

21  disclose the material before trial, and that counsel was ineffective in failing to object to the

22  government's failure to disclose.  (Dkt. #170).

23      When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted

24  and a § 2255 review is barred absent a showing of cause and prejudice or actual innocence.

25  Bousley v. United States, 523 U.S. 614, 622 (1998).  Because Movant did not raise his Brady

26  claim in a procedurally proper manner, his claim is procedurally defaulted.  Moreover,

27  Movant has not established a basis to overcome the procedural bar and his claim fails on the

28  merits.

1    First, the State Farm documents were not <u>Brady</u> material because they were not in the
2    government's possession.  Rather, the documents were in the possession of State Farm which
3    gave the documents to the probation officer, not the prosecutor.  (Respondents' Attachment
4    at 40-74).

5    Second, Movant was aware of these documents prior to trial.  At trial, the defense pursued
6    a theory that the incident was an insurance scam that went awry.  This defense implies that
7    an insurance claim would have been made.  Thus, Movant would have known about the
8    existence of insurance documents and had the means to obtain the documents from State
9    Farm.  <u>See</u> <u>United States v. Dupoy</u>, 760 F.2d 1492, 1501, n. 5 (9th Cir. 1985) (stating that
10   "[w]here defendants... had within their knowledge information by which they could have
11   ascertained the supposed <u>Brady</u> material, there is no suppression by the government.").
12   Thus, the insurance documents do no constitute <u>Brady</u> material.

13   Movant's argument that defense counsel was deficient in failing to subpoena the insurance
14   documents is also without merit.  The information contained within the documents was not
15   material to guilt or punishment.  Rather, it established only the amount of the loss the
16   insurance company suffered in satisfying the victim's insurance claim.

17   As such, the insurance documents do not constitute Brady material, and counsel was not
18   ineffective in failing to subpoena them for trial.

19   **IV.        Failure To Move To Correct The Transcript**

20   Movant next argues that appellate counsel was ineffective in failing to move to have the
21   trial transcript corrected to add an exchange between Movant and the prosecutor on cross-
22   examination.  During cross-examination, the prosecutor asked Movant whether he considered
23   accepting a plea deal even though he was innocent.  The transcript reflects the movant
24   responded, "[y]eah, well it's a lot of time."  (Respondent's Attachment at 28-29).  Movant
25   claims that the transcript does not include the rest of his response, which was, "I'm looking
26   at nineteen years."  (Dkt. #170).

27   Even if this remark was not included within the transcript, it cannot be said that appellate
28   counsel was ineffective in failing to challenge the incomplete transcript on appeal.  The Sixth

1   Amendment does not require appellate counsel to raise every non-frivolous issue on appeal.

2   United States v. Cook, 45 F.3d 388, 394 (10th Cir. 1995). Rather, counsel should "winnow

3   out weaker arguments and focus [] on those more likely to prevail." Id. (citing Smith v.

4   Murray, 477 U.S. 527 (1985). As Movant notes, the district court ordered the prosecutor's

5   question about the plea offer and Movant's response stricken from the record, and ordered

6   the jury to disregard the exchange. (Respondent's Attachment at 30). Clearly, an argument

7   based upon a question stricken from the record would not likely prevail on appeal.

8   Moreover, Movant does not set forth the prejudice incurred by the allegedly incomplete

9   transcript.

10  **V.      Failure To Challenge Sentencing Enhancements**

11      Movant next argues that trial and appellate counsel were ineffective in failing to challenge

12  sentencing enhancements. At movant's sentencing on August 29, 2002, the district court

13  enhanced Movant's sentence a total of eight (8) levels under the sentencing guidelines. The

14  court applied the following enhancements: two points for bodily injury to the victim

15  (2B3.1(b)(3)(A)); two points because the offense involved carjacking (2B3.1(b)(5)); two

16  points for defendant's role in the offense (3B1.1(c)); and two points for obstruction of justice

17  (3C1.1). (Respondent's Attachment at 47-62).

18      Movant claims that trial and appellate counsel were ineffective because they failed to

19  object to these enhancements on the ground that they were not plead in the indictment and

20  found by the jury beyond a reasonable doubt. Movant cites, Apprendi v. New Jersey, 530

21  U.S. 466, 120 S.Ct. 2348 (2000); Blakely v. Washington, 542 U.S. 296, 125 S.Ct. 21 (2004);

22  and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

23

24

25          **A. Counsel's Failure To Raise An Apprendi Claim**

26      Apprendi was decided in 2000, while Movant's criminal proceedings were ongoing.

27  Because Apprendi was decided before Movant's conviction became final, its holding applies

28  to this case. However, Apprendi held that "[o]ther than the fact of a prior conviction, any

fact that increases the penalty of the crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt."   530 U.S. at 490. Apprendi, however, does not apply to the Federal Sentencing Guidelines.  United States v. Hernandez-Guardado, 288 F.3d 1017, 1026-27 (9th Cir. 2000).

Here, Movant challenges enhancements made pursuant to the Federal Sentencing Guidelines.  Because Apprendi does not apply to these Guidelines, counsel was obviously not ineffective in failing to challenge Movant's sentence on Apprendi grounds.

Moreover, at the time of Movant's appeal, the law in the Ninth Circuit was that a sentencing enhancement did not increase a sentence beyond the statutory maximum, Apprendi did not require the facts on which the court relied in making the enhancement to be submitted to the jury and proved beyond a reasonable doubt.  United States v. Sanchez-Cervantes, 282 F.3d 664, 669 (9th Cir. 2002).  The enhancements in this case did not increase Movant's sentence beyond the statutory maximum sentence, and Movant does not claim that they did.  Accordingly, under then existing law, Apprendi was not applicable.  As such Movant has failed to establish that counsel rendered ineffective assistance of counsel in failing to render an Apprendi claim.

### B. Failure To Raise Blakely Claim

Next, Movant contends that counsel was ineffective in failing to challenge the sentencing enhancements under Blakely, 542 U.S. at 296.  In Blakely, the Supreme Court extended the rule of Apprendi to the judicial fact-finding phase.  Id.  Moreover, the Ninth Circuit stated "that the Supreme Court announced a new rule in Blakely v. Washington that does not apply retroactively to a conviction that was final before that decision was announced."  Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).

Here, Movant's conviction became final when his time for petition of certiorari elapsed, on or about March 22, 2004.  Blakely was decided on June 24, 2004, after Movant's conviction became final.  Thus, because Blakely does not apply retroactively to cases on collateral review, Movant's challenge to the sentencing enhancement under the rule of Blakely fails.

1

### C. Failure To Raise Booker Claim

2   Movant also contends that counsel was deficient in failing to raise a <u>Booker</u> challenge.

3   In <u>Booker</u>, the Supreme Court applied the rule of <u>Blakely</u> to the United States Sentencing

4   Guidelines and held that the Guidelines, as written, violate the Sixth Amendment principles

5   articulated in <u>Blakely</u>. <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 749-56 (2005).

6   However, to the extent that Movant raises an independent claim based upon <u>Booker</u>, his

7   claim fails because it does not apply retroactively on collateral review.

8   The rule announced in <u>Booker</u> is procedural in nature as it regulates the manner of

9   determining a defendant's sentence. <u>See</u> <u>United States v. Brown</u>, 2005 WL 1463531, *2 (D.

10   Alaska 2005).

11   In <u>Booker</u>, the Supreme Court did not expressly address whether the rule applies

12   retroactively; however every court that has considered this issue has held that it does. <u>United</u>

13   <u>States v. Green</u>, 2005 WL 237204, * 1 (2nd Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d

14   855, 860 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005);

15   <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005). This Court agrees with those

16   courts as well as the Magistrate Judge findings that it is not to be given retroactive effect.

17   Accordingly, to the extent that Movant asserts an independent claim upon <u>Booker</u>, that claim

18   fails.

19   ## VI.        Failure To Challenge Criminal History Category

20   Lastly, Movant argues that trial and appellate counsel were ineffective in failing to

21   challenge the trial court's calculation that Movant had nine (9) rather than seven (7), criminal

22   history points. The Movant's presentence report and the sentencing transcript reveals that

23   Movant correctly asserts that his criminal history points only total seven (7). However,

24   counsel's failure to challenge this factual error does not, however, constitute ineffective

25   assistance of counsel because Movant did not suffer any prejudice. Under the Sentencing

26   Table, a defendant with 7, 8 or 9 criminal points falls within the same category, Category IV.

27   (Respondent's Attachment at 79).

28

Movant also argues that counsel was ineffective in failing to challenge the use of juvenile convictions in calculating his criminal history.  However, the Court need not address this issue because the record does not support that Movant received criminal history points for juvenile convictions.

**VII.      Conclusion**

Having reviewed the Report and Recommendation of Magistrate Judge Anderson's Report and Recommendation, the Court concludes that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 8 U.S.C. § 2255 is without merit and should be denied.  The Court hereby incorporates and adopts Magistrate Judge Anderson's Report and Recommendation.

**Accordingly,**

**IT IS HEREBY ORDERED** that the Court adopts Magistrate Judge Anderson's Report and Recommendation.  (Dkt.#176).

**IT IS FURTHER ORDERED** Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 8 U.S.C. § 2255 is DENIED.  (Dkt.#170).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly in CIV-05-878-PHX-MHM.

DATED this 21st day of March, 2006.

_____
Mary H. Murguia
United States District Judge